IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **SELENE FINANCE LP,** | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| **M&M MORTGAGE SERVICES, INC.,** | § § § § | |
| *Defendant.* | § § | |

## COMPLAINT

**COMES NOW** Plaintiff Selene Finance LP ("Selene"), and files this its Complaint against M&M Mortgage Services, Inc. ("M&M"), respectfully showing this Court as follows:

### PARTIES, JURISDICTION, AND VENUE

1.

Selene is a limited partnership registered to do business in the State of Texas. Selene's principal office is located at 3501 Olympus Blvd., Suite 500, Dallas, Texas 75019.

2.

M&M is a corporation, and it may be served with Summons and Complaint via George Mencia, its President and Registered Agent, at 13380 SW 131st Street, Suite 123, Miami, Florida 33186, or through its attorney Craig Lewis at Blilie Law, 235 Lincoln Road,

Suite 310, Miami Beach, Florida 33139. M&M is subject to the jurisdiction of this Court in light of a forum selection clause in favor of the state and federal courts of Houston, Texas, in the contract at issue. (*See* Ex. 1, p. 13, § 21.6.) Venue is also proper in this Court pursuant to same. (*Id.*). The Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiff's citizenship is diverse from Defendant's citizenship and the amount in controversy exceeds $75,000 excluding interest and costs.

## **FACTS**

3.

On May 30, 2012, Selene and M&M entered into a contract whereby M&M would provide services to Selene as a property preservation vendor.

4.

Selene entered a number of property preservation vendor agreements with M&M after the 2012 agreement referenced above, one of which being dated November 12, 2014. A true and correct copy of the 2014 agreement is attached hereto as **Exhibit 1** and incorporated herein.

5.

Starting in 2017 and until recently, Selene defended a putative class action lawsuit in Baltimore City Circuit Court in Maryland (No. 24-C-17-000996) whereby Plaintiffs Eric and Whitney Wheeling on behalf of themselves and on behalf of a putative class (the "Wheelings" and together with the putative class members, "Plaintiffs"), alleged Selene

violated Maryland's Real Property Code § 7-113 ("RP 7-113") and the Maryland Consumer Protection Act ("MCPA") by posting notices at a certain properties stating that the property was believed to be abandoned without first conducting a reasonable investigation into the occupancy status of same (the "Maryland Case").

6.

It was also alleged in the Maryland Case that Selene posted these notices in violation of RP 7-113 and the MCPA at various other properties throughout Maryland.

7.

The allegations necessarily implicated the conduct and procedures of M&M pursuant to its applicable contracts with Selene.

8.

Under those contracts, M&M is responsible for inspecting foreclosure/REO properties, and taking other necessary actions, including posting eviction notices, in accordance with all applicable federal, state, and local laws. Upon information and belief, M&M is responsible for the conduct in the Maryland Case which formed the bases of the Wheeling and putative class claims because M&M was responsible for posting the notice on the property occupied by the Wheelings, and presumably others, during the time period in question. Selene did not direct, approve, authorize, or even have notice of any such posting until after the fact.

9.

Moreover, each agreement between Selene and M&M provides that M&M shall comply with all applicable federal, state, and local laws, ordinances, codes and regulations in the performance of its duties.

10.

As such, M&M bears responsibility for any alleged noncompliance with RP 7-113, and in turn, the MCPA in the Maryland Case as to Plaintiffs and any members of the putative class.

11.

Upon information and belief, M&M breached its duties to Selene when it caused to be placed on a certain property in Maryland a notice, or notices, that did not comply with RP 7-113, and in turn, the MCPA.

12.

Each agreement between Selene and M&M has included an indemnification provision under which M&M is obligated to indemnify and hold Selene harmless for any action or claim arising out of M&M's performance or non-performance of its duties.

13.

Selene initially defended against the Maryland Case and was able to secure a dismissal of all claims on December 4, 2017. That decision was appealed by Plaintiffs to the Maryland Court of Special Appeals and was affirmed on December 29, 2017. Thereafter, Plaintiffs appealed the affirmation of the trial court's dismissal in the

intermediate appellate court to the Maryland Court of Appeals. The Maryland Court of Appeals reversed the decisions of the Special Court of Appeals and Trial Court and remanded the case on or about April 30, 2021.

14.

Thereafter, on or about January 13, 2022, Selene served a demand for indemnification and tender of defense on M&M based on the parties' agreements (the "Indemnification Demand").

15.

M&M and/or its insurer, for a period of over six (6) months, refused to respond to the Indemnification Demand. Upon information and belief, the delay in responding to the Indemnification was willful and intentional and it certainly was without any basis.

16.

Finally, on July 26, 2022, and August 3, 2022, respectively, M&M's insurer and M&M itself, through counsel, responded to the Indemnification Demand, denying same and refusing to accept the tender of defense.

17.

Through motion practice that is a matter of public record, Selene was, in the end, able to defeat Plaintiffs' Motion to Certify the Maryland Case as a Class Action and Selene's Motion for an Order to Refuse to Certify the Maryland Case as a Class Action

was granted. The Order from in the Maryland Case on this issue favorable to Selene was not issued, though, until September 14, 2022.

18.

Selene was forced to litigate, defend, and incur substantial costs based on M&M's underlying conduct and M&M's delay and ultimate refusal to indemnify or provide a defense to the Maryland Case.

19.

Ultimately, Selene settled the Maryland Case on September 23, 2022, securing a dismissal of the Wheelings' claims just one business before the scheduled trial. M&M refused to participate, contribute, indemnify, defend, or otherwise hold Selene harmless for the conduct complained of by Plaintiffs at all times that the Maryland Case was pending. M&M was also afforded the opportunity to participate in the settlement of all claims and refused to participate or contribute in any manner to any resolution.

20.

M&M not only breached its agreement with Selene through its conduct which violated Maryland law and resulted in the Maryland Case, but also by its refusal to accept tender of defense and indemnification of Selene as provided for within the Parties' agreements.

21.

In light of the foregoing, Selene seeks indemnification and damages from M&M for its breaches of its contracts with Selene in an amount to be determined at trial, as well as

all costs and fees incurred by Selene as a result of M&M's actions, including but not limited to those costs, fees, or any damages incurred by Selene as a result of M&M's breaches of its agreements with Selene, including all costs, fees, and expenses incurred by Selene in its defense of the Maryland Case.

## COUNT I: INDEMNIFICATION

22.

Each agreement between Selene and M&M has included an indemnification provision under which M&M is obligated to indemnify and hold Selene harmless for any action or claim arising out of M&M's performance or non-performance of its duties. (*See, e.g.,* Ex. 1, § 11, "Vendor agrees to defend with counsel acceptable to Selene . . . indemnify and hold Selene harmless from and against any and all suits, claims, and proceedings by third parties resulting in liabilities, damages, costs, losses, and expenses, including court costs and reasonable attorneys' fees . . . which arise out of the performance or non-performance by Vendor or Services contemplated by this Agreement").

23.

Upon information and belief, M&M breached its duties to Selene when it caused to be placed on a certain property in Maryland a notice that did not comply with RP 7-113, and in turn, the MCPA. M&M's actions in posting the notice caused a material breach of its agreement with Selene, triggering Selene's right to indemnification thereunder.

24.

Specifically, M&M's conduct led to the Maryland Case which was filed against Selene. All of the claims against Selene by the Wheeling Plaintiffs were the result of actions by M&M when it placed a notice on a property occupied by the Wheelings while performing inspection services pursuant to M&M's agreement with Selene.

25.

Selene was forced to defend against the Maryland Case, and incurred costs, expenses, and attorneys' fees as a result. Additionally, Selene was facing liability to Plaintiffs in the Maryland Lawsuit as a result of M&M's failure to perform the services contemplated by the agreements.

26.

Selene was able to resolve the Maryland Case and avoid the uncertainty of trial as well as the potential for greater loss, expense, fees, and costs which were available to Plaintiffs if the case had continued through trial. Because of M&M's breach, Selene suffered damages, costs, losses, and expenses, including court costs and reasonable attorneys' fees, in an amount to be determined at trial but no less than $100,000.

27.

Accordingly, Selene is entitled to recover all its damages, costs, losses, and expenses, including court costs and reasonable attorneys' fees, in damages from M&M in accordance with its agreement to indemnify and hold Selene harmless against any and all suits, claims and proceedings such as the Maryland Case.

## COUNT II: BREACH OF CONTRACT
## FAILURE TO ACCEPT TENDER AND INDEMNIFICATION

28.

As outlined above, each agreement between Selene and M&M has included an indemnification provision under which M&M is obligated to indemnify and hold Selene harmless for any action or claim arising out of M&M's performance or non-performance of its duties. (*See, e.g.,* Ex. 1, § 11, "Vendor agrees to defend with counsel acceptable to Selene . . . indemnify and hold Selene harmless from and against any and all suits, claims, and proceedings by third parties resulting in liabilities, damages, costs, losses, and expenses, including court costs and reasonable attorneys' fees . . . which arise out of the performance or non-performance by Vendor or Services contemplated by this Agreement").

29.

On or about January 13, 2022, Selene made the Indemnification Demand upon M&M based on its agreements with M&M and the indemnity provisions therein.

30.

Neither M&M nor its insurer responded to Selene for more than six (6) months, and all the while the Maryland Case was being litigated.

31.

Selene was forced to litigate, defend, and incur substantial costs based on M&M's underlying conduct and M&M's delay and ultimate refusal to indemnify or provide a defense to the Maryland Case.

32.

Finally, on July 26, 2022, and August 3, 2022, respectively, M&M's insurer and M&M itself, through counsel, responded to the Indemnification Demand, denying same and refusing to tender a defense. This denial was a breach of the M&M's agreement to indemnify and hold Selene harmless pursuant to its agreement with Selene.

33.

M&M's breach of its agreement to indemnify and hold Selene Harmless caused Selene substantial damages in the form of costs, expenses, losses, as well as substantial reasonable attorneys' fees and costs, in an amount to be determined at trial but no less than $100,000.

**COUNT III: BREACH OF CONTRACT**

**FAILURE TO PERFORM IN ACCORDANCE WITH APPLICABLE MARYLAND LAW**

34.

Selene entered certain property preservation vendor contracts with M&M. (*See*, *e.g.*, Ex. 1.)

35.

The Maryland Case was a putative class action lawsuit alleging Selene violated RP 7-113 and the MCPA by posting notices at a certain property stating the property was believed to be abandoned without first conducting a reasonable investigation into the occupancy status of same.

36.

It was also alleged in the Maryland Case that Selene posted these notices in violation of RP 7-113 and the MCPA at various other properties throughout Maryland.

37.

While the claims in the Maryland Case were pleaded against Selene only and not M&M, the allegations necessarily implicate the conduct and procedures of M&M pursuant to its applicable contracts with Selene because it was M&M, pursuant to its agreements with Selene, that actually posted the notices at issue.

38.

Under those contracts, M&M is responsible for inspecting foreclosure/REO properties, and taking other necessary actions, including posting eviction notices, in accordance with all applicable federal, state, and local laws.

39.

As such, because M&M personnel posted the notices, M&M bears responsibility for any alleged noncompliance with RP 7-113, and in turn, the MCPA.

40.

Upon information and belief, M&M breached its agreement with Selene when it caused to be placed on certain properties in Maryland notices that did not comply with RP 7-113, and in turn, the MCPA. Because of M&M's breach, Selene seeks damages from M&M on this Count III in an amount to be determined at trial, but not less than $100,000, for breach of the subject contracts with Selene, plus all costs, interest, and attorneys' fees and such other and further relief as the Court deems appropriate and just.

41.

**WHEREFORE,** Selene prays as follows:

(A) Enter judgment against M&M in an amount of not less than $100,000.00 as damages resulting from the conduct shown above to include the settlement of the Maryland case and the attorneys' fees incurred therein;

(B) Enter an award in favor of Selene for its reasonable and necessary attorneys' fees and costs of court incurred in the prosecution of this matter; and,

(C) That this Court award such other and further relief as may be just and proper.

Dated: This _____ day of October 2022.

**HANSZEN LAPORTE LLP**

By: <u>*/s/Anthony L. Laporte*</u>
    Anthony L. Laporte
    Texas Bar No. 00787876
    S.D. Bar No. 21701
    alaporte@hanszenlaporte.com
    Zachary Smith
    Texas Bar No. 24103939
    S.D. Bar No. 3502773
    zsmith@hanszenlaporte.com
    HANSZEN LAPORTE, LLP
    14201 Memorial Drive
    Houston, Texas 77079
    Telephone: (713) 522-9444
    Facsimile: (713) 524-2580

    *Counsel for Plaintiff*
    *Selene Finance*